# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Rebecca M. Pepperine

vs                                          Case No.     6:25-cv-176 (GTS/TWD)

Mohawk Valley Community College

---

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable THÉRÈSE WILEY DANCKS, United States Magistrate Judge, on May 12, 2025, at 9:30 AM. The Courtroom Deputy for Judge Dancks will provide counsel for the parties, and any unrepresented parties, with instructions on how to dial into his audio conference line for the Rule 16 conference.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before _June 13, 2025_.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before _June 13, 2025_.

3. **DISCOVERY**: All discovery in this action shall be completed on or before _December 31, 2025_. **(Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS**: All motions, including discovery motions, shall be made on or before _March 7, 2026_. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before _October 3, 2025_ (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before _November 17, 2025_ (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before _December 1, 2025_ (at least 30 days before the close of discovery).

6. **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before _June 9, 2025_. Mediation must be completed on or before _August 29, 2025_.

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before _May 12, 2026_. It is anticipated that the trial will take approximately __5__ days to complete. The parties request that the trial be held in _Utica_, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8. Have the parties filed a Jury Demand? _X_ (YES) ____ (NO).

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**
   _Federal question jurisdiction based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq._

10. Are the parties subject to the Court's jurisdiction? Have all parties been served?
    _Yes, Yes._

11. What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?
    _Plaintiff claims her employment was terminated based on retaliation, which Defendant denies (no counterclaims or crossclaims are applicable at this time)._

12. **What factual and legal issues are genuinely in dispute?**
    The fact that Plaintiff's employment was terminated is not in dispute; the parties dispute Defendant's motivation for termination and inferences to be drawn from the evidence.

13. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**
    Not at this time.

14. **What specific relief do the parties seek? What are the damages sought?**
    Plaintiff seeks monetary damages.

15. **DISCOVERY PLAN**

    A. **Mandatory Disclosures**
    The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B. **Subjects of Disclosure**
    The parties jointly agree that discovery will be needed to address the following subjects:
    The basis for Defendant's termination of Plaintiff's employment.

    C. **Discovery Sequence**
    Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
    Phases may include written discovery prior to depositions.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties contemplate serving written demands under Rules 33, 34 and 36 to cover Defendant's termination of Plaintiff's employment and do not contemplate exceeding the number of interrogatories permitted under Rule 33.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The parties expect to take Plaintiff's deposition and approximately four (4) additional depositions but not any non-party fact depositions.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

Plaintiff may retain an expert witness concerning Plaintiff's emotional distress and/or financial damages based on regular timeframes or possibly post-summary judgment motion practice.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

Electronic discovery may include additional emails of Defendant and Plaintiff's job search records.

H.  **Protective Orders**
    If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.
    *A protective order may be requested for confidential information including but not limited to medical or financial information.*

I.  **Anticipated Issues Requiring Court Intervention**
    Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
    *None at this time.*

16. Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?
    *For expert witnesses, the parties would consider requesting the opportunity to disclose experts relating to Plaintiff's emotional distress and/or financial damages post summary judgment motion practice.*

17. Are there any related cases pending before the Judges of this Court?
    *None.*

18. In Class Actions, when and how will the class be certified?
    *N/A.*

19. What are the prospects for settlement? Please check below the prospect for settlement:

    1 ___ 2 ___ 3 ___ 4 ___ 5 ___ 6 _X_ 7 ___ 8 ___ 9 ___ 10 ___
    (Very unlikely → → → → → → Likely)

    A. Settlement cannot be evaluated prior to _September 30, 2025_ (Date).

B. How can settlement efforts be assisted?

_Discovery to be conducted prior to settlement efforts._

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47.***

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

   A. Reviewed General Order #47          Yes _X_ No ___

   B. Reviewed the List of Court Approved Mediators available on the NDNY website?          Yes _X_ No ___

   C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?          Yes _X_ No ___

   D. Discussed the time frame needed to complete Mandatory Mediation?          Yes _X_ No ___

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on __April 21, 2025__
and was attended by:                                                   (Date)

__Steven M. Warshawsky__ for plaintiff(s)

__Joseph A. DeTraglia__ for defendant(s) __Mohawk Valley Community College__

_____ for defendant(s) _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*